IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, # N-03588, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No. 12-cv-844-MJR |
| | ) |
| C/O M. BAKER, C/O CHANDLER, | ) |
| C/O LINDENBERG, SGT. WHITHOFT, | ) |
| LT. HOLDEN, C/O DAVIES, DR. SUVEJA | ) |
| and C/O HILLERMAN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Baker, Chandler, Lindenberg, Whitholt, Holden and Davies, all correctional officers at Menard, violated his Eight Amendment protections by subjecting him to cruel and unusual punishment. He states, that as a result of this conduct, he required medical care that was deliberately denied to him by Defendants Suveja, a physician, and Hillerman, a social worker.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Baker, Chandler, Lindenberg, Whitholt, Holton and Davies for excessive force (Count 1) and Defendants Suveja and Hillerman for deliberate indifference to medical needs (Count 2).

1

**Pending motion**

The Court **DENIES** without prejudice Plaintiff's motions for appointment of counsel (Docs. 3, 10). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication that Plaintiff has even made an effort to obtain counsel on his own much less been effectively precluded from obtaining counsel on his own. Plaintiff may choose to re-file this motion at a later stage in the litigation.    Plaintiff's motion to supplement and motion for miscellaneous relief are denied (Docs. 11-12). Plaintiff is advised that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d).  In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed.  The Court will not accept piecemeal amendments to the original complaint.

**Pending Motion**

At Doc. 13 plaintiff files a paper entitled "Motion in Limine" which then requests the undersigned to intervene (ergo docketing in this court denominated the document a motion to intervene-which it is not) against an unidentified "clerk" for some unclear alleged transgressions. The Court cannot glean the specific complaint nor identify the defendant against whom the

defendant complains. Consequently, for docketing purposes, Doc. 13 is denied without prejudice. If plaintiff can articulate a color able federal claim regarding the allegations, he may do so by an amended complaint, bearing in mind it must meet the requirements of Fed. R. Civ. P. 8.

**Disposition**

The Clerk of Court shall prepare for Defendants Baker, Chandler, Lindenberg, Whitholt, Holton and Davies: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/10/2012**

                                                s/Michael J. Reagan
                                                Michael J. Reagan
                                                United States District Judge