IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT WILLIAMS,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.   12-cv-844-MJR-SCW |
| | ) |
| **C/O BAKER, et al.,** | ) |
| | ) |
|        **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

      Before the Court is Plaintiff's Motion to Strike Temporary Restraining Order and Preliminary Injunction (Doc. 112). Specifically, Plaintiff seeks to strike his Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 106) filed on April 10, 2013. Plaintiff's motion for temporary restraining order or preliminary injunction sought an injunction ensuring that Plaintiff not be returned to Menard Correctional Center, as the Defendants in this case are from Menard Correctional Center. Plaintiff now seeks to strike that motion because he failed to file an affidavit with the motion. The Court **GRANTS** Plaintiff's motion to strike (Doc. 112) and **STRIKES** the motion for temporary restraining order or preliminary injunction (Doc. 106).

      The Court also notes that even with the affidavit, the Court would not have granted the preliminary injunction that Plaintiff requests. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (**"A preliminary injunction is an extraordinary remedy never awarded as of right").** To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm

without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

Here, Plaintiff would not be entitled to a preliminary injunction because he has not

shown irreparable harm.  The likelihood of Plaintiff being transferred back to Menard is very tenuous nor has Plaintiff shown that he is likely to be transferred to Menard, so he has not shown he will suffer irreparable harm at the hands of Defendants.  *Winter v. Natural Res. Def. Council, Inc.*, **555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (Finding that a preliminary injunction cannot be entered based only on a "possibility" of irreparable harm).**  Further, such a request would require the Court to become involved in the everyday activities of the prison system, something this undersigned is reluctant to do. *See Scraver v. Litscher*, **434 F.3d 972, 976-77 (7th Cir. 2006).** Directing IDOC where to house their inmates is something the Court is reluctant to do, especially when there is no evidence that Plaintiff is likely to be transferred back to Menard.  Accordingly, the Court finds that Plaintiff would not be entitled to a preliminary injunction or temporary restraining order, like the one he sought in his original motion.

    **IT IS SO ORDERED**.
    DATED: May 21, 2013.

    */s/ Stephen C. Williams*
    STEPHEN C. WILLIAMS
    United States Magistrate Judge