IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   12-cv-844-MJR-SCW |
| | ) | |
| MICHAEL BAKER, RYAN DAVIS, RON | ) | |
| HILLERMAN, JAMES CHANDLER, | ) | |
| GEORGE HOLTON, JERRY WITHOFT, | ) | |
| DONALD LINDENBERG, and | ) | |
| SUDARSHAN SUNEJA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel Discovery (Doc. 137).   Specifically,

Plaintiff indicates that he served on Defendants a Request for Production of Documents and Request

for Admissions which the Defendants have not answered.   Plaintiff seeks to have Defendants'

objections waived due to their failure to respond.   Defendants have filed Responses to Plaintiff's

motion (Docs. 140 & 144).   Further, Defendants Baker, Davis, Hillerman, Chandler, Holton,

Withoft, and Lindenberg have filed a motion to withdraw their admissions (Docs. 145 & 146).

Plaintiff first argues that Defendants failed to respond to his Request for Production

of Documents and thus any objections should be deemed waived.   Defendant Suneja filed a response

(Doc. 140) indicating that he filed responses to the Second Request for Production to Plaintiff on July 16, 2013.   The remaining Defendants indicated that they filed their response to Plaintiff's requests on July 22, 2013 (Doc. 144).   Their response objected to Plaintiff's requests as they exceeded the limit set forth by this Court in its Case Management Order.   The Court's Scheduling Order limited requests for production to 15 requests (Doc. 50).   Plaintiff's first set of requests contained 12 requests. Plaintiff's second set of requests contained 10 additional requests which is above the total limit on requests to produce.   Thus, Defendants properly objected to Plaintiff's motion as his requests exceeded those allowed in the Court's Scheduling Order.   Further, Plaintiff did not seek leave of Court to submit additional requests beyond what was allowed in the Scheduling Order.   Thus, the Court **DENIES** Plaintiff's motion to compel as it relates to the Requests to Produce as Defendants properly objected to the additional requests.

As to Plaintiff's motion to compel as it relates to his requests to admit, Defendants indicate that they inadvertently failed to respond to the Second Requests for Admission, but have recently filed a Motion to Withdraw Admissions (Docs. 145 & 146).[1]   Defendants indicate in their motion that they incorrectly believed that they had already responded to Plaintiff's second request as Defendants had objected to a previous, identical set of requests and thus they believed they had already responded to the second request.   Defendants seek to withdraw their admissions due to their inadvertence.

Under **FEDERAL RULE OF CIVIL PROCEDURE 36(a)(1),** "a party may serve on any other party a written request to admit."   "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." **FED.R.CIV.P. 36(a)(3).**   A court may, however, permit an admission to be withdrawn "if it would promote the presentation of the merits of the action and if the

---

[1] Defendant Suneja indicates in his response (Doc. 140) that he filed Answers to the Request for Admissions (Doc. 133) and thus Plaintiff's motion is MOOT as to Suneja.

court is not persuaded that it would prejudice the requesting party." **FED.R.CIV.P. 26(b);** *Banos v. City of Chicago*, **398 F.3d 889, 892 (7th Cir. 2005).**

Here, Defendants argue that they inadvertently failed to respond to Plaintiff's Second Request for Admissions because they had previously objected to a Second Request for Admissions served on them for failing to file the requests. Defendants then substituted their counsel and when Plaintiff filed his second requests, the new counsel incorrectly believed that the requests had been responded to. Further, Defendants argue that withdrawing the admissions would promote the presentation of the merits as Defendants believe that they have a meritorious defense and that the admissions were on key allegations of Plaintiff's claim, leaving Defendants unable to present their defense should the admissions stand. Further, Defendants note that Plaintiff's requests contained 49 requests which exceed the limit of 10 requests in the Court's Scheduling Order (Doc. 50).

The Court agrees with Defendants and **GRANTS** their motion to withdraw admissions (Docs. 145 & 146). The Court finds that Plaintiff will not be prejudiced by the withdrawal of these admissions and the admissions were on key contested allegations which make up the heart of Plaintiff's claim. Defendants have, throughout this litigation, contested Plaintiff's allegations of liability and thus Plaintiff should not be surprised that Defendants wish to withdraw their admissions on these highly contested issues. Further, the Court notes that Defendants' failure to respond appears to be a mere misunderstanding on Defendants' counsel's part. The Court also notes that Plaintiff's First Request for Admissions contained 55 requests for admissions and his Second Requests for Admissions contained 49 more requests. The total amount of these requests **FAR** exceeds the requests allowed by the Court's Scheduling Order. Plaintiff further failed to seek leave to file these additional requests. Thus, the Court **GRANTS** Defendants' motion to withdraw admissions and **DENIES** Plaintiff's motion to compel (Doc. 137) as it relates to his Request for Admissions. The Court further **STRIKES** Plaintiff's Second Request for Admissions (Doc. 128) as they exceed the

limit prescribed by the Court's Scheduling Order and Plaintiff failed to seek leave to file additional

requests.

       **IT IS SO ORDERED**.
       DATED: November 7, 2013.

                                       */s/ Stephen C. Williams*
                                       STEPHEN C. WILLIAMS
                                       United States Magistrate Judge